The Honorable Mike Everett State Senator 412 Broadway Marked Tree, Arkansas 72365
Dear Senator Everett:
This is in response to your request for an opinion on two questions concerning a contemplated donation of land owned by the City of Harrisburg to Poinsett County upon which the County intends to build a county jail. Specifically, you indicate that there was an oral agreement for the City to give the property to the County but this agreement was not in writing and apparently cannot be enforced. Your two questions with regard to these facts are as follows:
 1. Can the City give away property without receiving any consideration whatsoever?
 2. If the City cannot give away property without receiving consideration, must it get fair market value in order to convey the property?
In my opinion the answer to your first question is "no." This was the conclusion of Op. Att'y Gen. 93-070, a copy of which is enclosed for your review. In that opinion, it was concluded that the City of Dumas could not donate warehouse property to the State of Arkansas for use as a prison. It was stated in that opinion that municipal corporations, being creatures of the legislature, have only such powers as are delegated to them by the General Assembly. Although broad discretion has been granted over "municipal affairs" (see A.C.A. §§ 14-43-601 and -602), if the subject of municipal action is not strictly speaking a "municipal affair" (such as a donation of property for purely county purposes), specific legislative authorization is necessary in order to accomplish the objective. This conclusion is consistent with case law of the Arkansas Supreme Court which holds that a city or county may make contributions for public purposes in those instances where the General Assembly has designated the activities to be benefited.[1] Kerr v. East CentralArkansas Regional Housing Authority, 208 Ark. 625, 187 S.W.2d 189
(1945). Thus, in my opinion, the City of Harrisburg is without legislative authorization to "donate" land to the county for a county jail.[2]
It was also concluded in Opinion 93-070, however, that a city could sell or lease property to a public entity if the sale is supported by adequate consideration. It has been held that the consideration may be based upon other than money. This fact is relevant in answering your second question, concerning the amount of consideration necessary to support a sale. The Arkansas Supreme Court has held that in certain circumstances "public advantage" can constitute adequate consideration. See City ofBlytheville v. Parks, 221 Ark. 734, 255 S.W.2d 962 (1953). The adequacy of the consideration, however, will depend upon all the surrounding facts and circumstances, and must ultimately, therefore, be decided by a court.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
Enclosure
[1] It does not appear that with legislative authorization, there would be any colorable constitutional objection to the donation. Article 12, §5 of the Arkansas Constitution does not, in my opinion, act as a prohibition against donations to other public entities (see Op. Att'y Gen. 92-250), and if the donation is legislatively sanctioned, it does not appear that an "illegal exaction" would occur under art. 16, § 13.
[2] This conclusion assumes the absence of some sort of joint undertaking through the provisions of the "Interlocal Cooperation Act."See A.C.A. § 14-14-910 (1987) and §§ 25-20-101 to -108 (1987).